## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____      :
                                    :
AMIN YOUSEF, ET AL.,                :        Honorable Madeline Cox Arleo
                                    :
        Plaintiffs,                 :        Civil Action No. 07-5186 (SDW)
                                    :
v.                                  :
                                    :
GENERAL DYNAMICS CORPORATION,       :
ET AL.,                             :
                                    :
        Defendants.                 :
_____      :
                                    :
CRANE ROBINSON, ET AL.,             :        Civil Action No. 07-5925 (SDW)
                                    :
        Plaintiffs,                 :
                                    :
v.                                  :
                                    :
GENERAL DYNAMICS, ET AL.,           :
                                    :
        Defendants.                 :
_____
```

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court upon the Order to Show Cause of August 13, 2008

why these two consolidated actions should not be remanded for lack of subject matter jurisdiction

since it appears that there is not complete diversity between the parties insofar as Plaintiffs, Amin

Yousef, Khwala Yousef, Crane Robinson, and Jeannie Robinson (sometimes collectively

"Plaintiffs") and Defendant, the Hertz Corporation ("Hertz") are citizens of New Jersey (Docket

Entry No. 19).  This jurisdictional issue came to light in connection with Defendants General

Dynamics-Ordnance and Tactical Systems, Inc. ("GDOTS") and David Edmonds' ("Edmonds")

motion to dismiss on the grounds of forum non conveniens, which District Judge Wigenton referred

to me for Report and Recommendation.

This Court has considered the papers submitted by the parties both in support and in opposition for remand.  For the reasons stated below, this Court respectfully recommends that the two consolidated actions be **REMANDED** to the Superior Court of New Jersey for lack of subject matter jurisdiction, and that Defendants GDOTS and Edmonds' motion to dismiss for forum non conveniens (Dkt. Entry No. 14) be **DISMISSED AS MOOT**.

## I.    BACKGROUND

This is a diversity suit brought by Plaintiffs against Hertz, Hertz Car Rentals, Hertz International (sometimes "the Hertz Defendants"), GDOTS, and Edmonds.  Plaintiffs allege that on September 16, 2006, Plaintiffs Amin Yousef and Crane Robinson were passengers in a motor vehicle operated by Defendant Edmonds, an employee of GDOTS, in the Republic of South Africa.[1] (Yousef Compl. ¶¶ 6, 13; Robinson Compl. Count I at ¶¶ 1, 2, Count IV at ¶ 3).  While operating the vehicle, Edmonds negligently caused a collision with another motor vehicle.  (Id. at ¶ 16; Id. at 3).  As a result of Edmonds' negligence, Yousef and Robinson suffered serious and permanent injuries.  (Id. at ¶¶ 17-19, 21; Id. at 4).

In a Complaint filed on September 14, 2007, in the Superior Court of New Jersey, Law Division, the Robinson Plaintiffs allege that the motor vehicle driven by Edmonds was "owned, operated, maintained, repaired and controlled" by General Dynamics, GDOTS, the Hertz Defendants, and fictitious corporate entities.  (See generally Robinson Compl.).  They further allege that Edmonds acted negligently in the operation of the vehicle during the course of his employment with Defendants General Dynamics, GDOTS and the fictitious corporate entities.  Therefore, these Defendants are vicariously liable for the negligence of Edmonds as a GDOTS employee.  (Robinson

---

[1] On February 15, 2008, this Court entered an Order consolidating the Yousef and Robinson actions for all purposes including pretrial discovery and trial.

Compl. Count IV).  Finally, the Robinson Plaintiffs allege that, through their actions or inactions, Defendants General Dynamics, GDOTS, the Hertz Defendants, and the fictitious corporate entities negligently allowed Defendant Edmonds to operate a motor vehicle in that they knew or should have known that Edmonds previously operated motor vehicles in a negligent manner.  (Id. at Count V, ¶ 2).

In a Complaint filed three days earlier, on September 11, 2007 in Superior Court of New Jersey, Law Division, the Yousef Plaintiffs raise similar allegations and negligence claims against GDOTS, as a subsidiary of General Dynamics, as well as fictitious corporate entities.  (Yousef Compl. ¶¶ 4-7, 11-12, 17).   As to Hertz, the Yousef Plaintiffs claim that the company acted by and through its unnamed agents, servants, workers and/or employees.  (Yousef Compl. ¶ 10).  Their Complaint appears to contain a negligence claim based on vicarious liability against Hertz.  (See Yousef Compl. ¶¶ 12, 16-17).

On or about October 26, 2007, General Dynamics, GDOTS, and Edmonds removed the Yousef action to this Court pursuant to 28 U.S.C. § 1441.  On December 12, 2007, these same Defendants removed the Robinson action to this Court.

The basis for removal was diversity of citizenship among the parties.  There is no dispute that the Yousef and Robinson Plaintiffs and Defendant Hertz are citizens of New Jersey.[2]  (Yousef Compl. ¶ 1; Robinson Compl. Preliminary ¶).  However, in their Removal Petition, Defendants allege that Hertz was "fraudulently joined."

From the face of the Removal Petition, it appeared that complete diversity may not exist

---

[2] For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..." 28 U.S.C. § 1332(c)(1).  Hertz is incorporated in Delaware and its principal place of business is New Jersey.

between the parties since Plaintiffs and Hertz are citizens of New Jersey.  As such, on August 13, 2008, the Court issued an Order to Show Cause why the consolidated actions should not be remanded for lack of subject matter jurisdiction.  The parties were ordered to file their respective briefs on this jurisdictional issue.

## II.   DISCUSSION

As a threshold matter, under 28 U.S.C. § 1332, a district court has subject matter jurisdiction over state law claims if each of the plaintiffs is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000.  See Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002).  The removing party must demonstrate federal subject matter jurisdiction exists and removal is proper.  Boyer v. Snap-On Tools Corp., 913 F.3d 108, 111 (3d. Cir. 1990), cert. denied, 498 U.S. 1085 (1991).  Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Here, as set forth above, in their Removal Petition, Defendants General Dynamics, GDOTS, and Edmonds allege diversity jurisdiction exists under 28 U.S.C. §1332, in that there is complete diversity of citizenship between the "proper" parties,[3] and Plaintiffs' claims exceed $75,000.  In opposition to remand, these Defendants raise the same arguments as contained in their Removal Petition.  Specifically, they contend that Plaintiffs fraudulently joined Hertz for the sole purpose of destroying complete diversity between the proper parties.  They contend that Hertz did not own, maintain or control the vehicle operated by Edmonds and that Hertz was not a party to the car rental agreement at issue.  Rather, they purport that third-party Alisa Car Rentals owned the vehicle that

---

[3] Although not addressed by the parties, fictitious defendants, such as the John Does Incorporated, John Does individuals, and ABC Companies in this action, are not counted for purposes of diversity.  See 28 U.S.C. § 1441(a).

4

Edmonds operated at the time of the accident.  They argue that the only connection Hertz has to this case is the Master Franchise Agreement between Alisa Car Rentals and Hertz International ("Agreement").  (See GDOTS and Edmonds 8/29/08 Ltr-brf at Exh. G).

Defendants acknowledge that under the Agreement, Alisa Car Rentals is permitted to use the "Hertz System" for vehicle rental.  Nonetheless, they claim that the Agreement provides that Alisa Car Rentals is solely responsible for owning and maintaining the vehicles subject to the contract. As such, they argue that Plaintiffs' allegations are insufficient to state a claim for negligence against Hertz.

In response, Plaintiffs argue that Hertz was not fraudulently joined solely to defeat diversity. By virtue of the Agreement with Alisa Car Rentals, Hertz is a proper party defendant.  In addition, they argue that Hertz, as franchisor, is vicariously liable for the negligent acts of Alisa Car Rentals, as franchisee.  The Yousef Plaintiffs further contend that Hertz negligently supervised Alisa Car Rentals pursuant to the terms of the Agreement.

A.    **Defendants' Burden To Prove The Existence of Diversity**

Defendants GDOTS and Edmonds bear the burden of proving the existence of diversity at the time the Complaint and the Removal Petition were filed.  See, e.g., Evanston Insurance Co. v. Cozen O'Conner, P.C., Civ. Action No. 06-4687 (PGS), 2007 WL 869614 *5 (D.N.J. Mar. 20, 2007) (find that the defendant failed to allege citizenship of the defendants "compromising the party designation, 'Underwriters of Lloyds of London,' at the time the Complaint and the Notice of Removal were filed.").  "[W]here the initial pleading is indeterminate as to the parties' citizenship, 'the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion.'" Evanston Ins. Co., 2007 WL 869614 at *5 (quoting Davis v. Baer, 599 F. Supp. 776, 779 (E.D. Pa. 1984)).  The Third Circuit has emphasized that the removal statutes "'are to be strictly

construed against removal and all doubts should be resolved in favor of remand.'" Boyer, 913 F.2d at 111 (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). A party claiming that a district court has federal jurisdiction over a civil action bears the burden of proving that jurisdiction exists. Accordingly, "a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" Boyer, 913 F.2d at 111 (quoting Steel Valley Auth., 809 F.2d at 1010, 1012 n.6).

"In evaluating the alleged fraud[ulent joinder], the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992).

In Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985), the Third Circuit stated that joinder is considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Id. (quoting Boyer, 913 F.2d at 111). "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" Boyer, 913 F.2d at 111 (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

### B.    Hertz Was Not Fraudulently Joined

Applying the Boyer standard, this Court is satisfied that Plaintiffs' negligence claims against Hertz do not fail to state a claim as a matter of law, and thus, Plaintiffs' joinder of this "non-diverse" party is not fraudulent. The case of Dickson v. Hertz Corp., 559 F. Supp. 1169, 1175-1176 (D.V.I.

6

1983), is instructive.  There, the District Court held that, by virtue of the terms of the franchise licensing agreement between the defendant Hertz Corporation and its affiliate rental agency in the Virgin Islands, it had personal jurisdiction over the nonresident Hertz defendant.  Accordingly, the District Court denied the Defendant Hertz's motion to dismiss for lack of personal jurisdiction.  <u>Id.</u> at 1176.

In addressing personal jurisdiction, the <u>Dickson</u> Court focused on specific licensing terms which demonstrated an interrelatedness between the defendant Hertz Corporation and its licensee.[4] First, the court noted that the licensing agreement granted Armstrong "'an exclusive license to use the Hertz System'" in St. Croix.  <u>Id.</u> at 1175 (internal citations omitted).  Next, the court considered the following obligations imposed upon the licensee under the agreement:

(1)  [T]he licensee agrees to conduct his rental business 'in accordance with the procedures, provision, methods, rules and regulations of [the] Hertz System. . .'

(2)  [T]he licensee shall use a rental form approved by the licensor and which 'shall prominently incorporate the use of the Hertz name and trademark.'

(3)  [T]he licensee shall feature the name 'Hertz' in all of its 'advertising and sales promotion.'

(4)  [T]he licensee shall allow representatives of the licensor to 'inspect [its] premises, records and vehicles' . . . .

(5)  [T]he licensee shall 'maintain rate structures . . . as may be promulgated by the licensor.'

(6)  [T]he licensee shall 'advertise and promote the Hertz System' within the area of its license and 'participate in any advertising campaigns, sales [or] promotional program' of the

---

[4] The license agreement at issue was entered into between Hertz International, Ltd. and Robert D. Armstrong, the predecessor-assignor of Preferred Rentals, Inc. – the Virgin Islands rental car agency that did business in St. Croix, Virgin Islands under the "Hertz Rent A Car" trade name.

licensor.

(7)     [T]he licensee shall 'pay an amount equal to six percent (6%)
        of [its] annual gross revenue' to the licensor 'in consideration
        of the benefits derived . . . as a member of the Hertz
        System....'

Id.    Based on these terms, the Dickson Court concluded that the franchise licensing agreement

between Hertz and its Virgin Islands affiliate demonstrated a "unified corporate enterprise."

In reaching this conclusion, the court relied on the jurisdictional analysis of other courts

wherein a non-resident corporation was found to have a jurisdictional presence based on "the type

of uniform promotional and trademark control" which was present before the Court in Dickson.  Id.

(citing Bramlett v. Arthur Murray Inc., 250 F. Supp. 1011, 1013 (D.S.C. 1966); Zenith Radio Corp.

v. Matsushita Electric Industrial Co., Ltd., 402 F. Supp. 262, 328 (E.D. Pa. 1975)).  (other internal

citations omitted).  The Dickson Court also considered a line of cases, which focused on the "ready

interchange in financial, managerial and personnel matters" between the non-resident corporate

defendant and its local affiliate, to determine whether the latter can be properly labeled as  a "branch

office," a "department," or a "marketing arm" of the parent entity.  Id. at 1176 (citing Frummer v.

Hilton Hotels International, 19 N.Y.2d 553 (N.Y. 1967)) (other internal citations omitted).

Although the Dickson Court did not find that the licensing agreement in question created a

parent-subsidiary relationship or otherwise demonstrated joint ownership, the court determined that

when read as a whole, the license agreement permitted Hertz to "control" and "dominate" its Virgin

Islands affiliate "'as to in effect disregard the latter's independent corporate existence.'"  Id. (internal

citations omitted).  The court specifically emphasized:

The integrated sales and promotion system, the shared use of a
trademark, the supervision over records, and **the mandatory
adherence to uniform operational procedures** strongly suggest that
Preferred does more than merely solicit business on an *ad hoc* basis
for Hertz.  The guarantees which Hertz extracts as a condition for the

> exclusive use of its marketing 'system,' necessarily injects it (albeit
> at a distance) on a continuous basis into the daily operations of its
> licensees.  (Indeed, the record here indicates that Hertz personnel
> have at various times inspected Preferred's facilities in accordance
> with the license agreement).  In addition, by negotiating for such
> pervasive 'control' over its Virgin Islands affiliate, Hertz is thereby
> put on notice of its amenability to suit here.

Id. at 1176. (emphasis added).

Here, as in Dickson, this Court finds that the Agreement establishes a "unified corporate enterprise" between Hertz and Alisa Car Rentals.  First, the terms of the Agreement grant Alisa Car Rentals, as franchisee, "the exclusive right and franchise . . . to use the Hertz System" in the Republic of South Africa.  (GDOTS and Edmonds Ltr-Brf at Exh. G, p.1 ¶1).  Additionally, the following terms are imposed upon Alisa Car Rentals, as franchisee, under the Agreement:

(1)     To use in the Franchised Business only the form of Hertz System
        Standard Rental Agreement . . . specified by [Hertz] International
        from time to time. . . .   The Rental Agreement shall prominently
        display the 'Hertz' name, service marks, and trademarks as prescribed
        by Hertz from time to time. . . .

(2)     To use in the Franchised Business tariff brochures in standard format,
        approved in writing by International (but with rates established by
        Master Franchisee), which shall prominently display the 'Hertz'
        name, service marks, and trademarks as prescribed by Hertz from
        time to time. . . .

(3)     To feature the words 'Hertz International Franchisee' or such other
        form of words featuring the name 'Hertz' as prescribed by
        International from time to time, in all of Master Franchisee's forms,
        advertising and sales promotional material. . . .

(4)     To allow representatives of International or Hertz, at any time during
        normal business hours, to inspect and audit the premises, records and
        vehicles. . . .

(5)     To maintain such rate structures . . . as may be promoted by
        International from time to time.

(6)     To devote Master Franchisee's best efforts . . . to adequately
        advertise, represent, service and promote the Hertz System in the

Area of Responsibility . . . .

(7)     In consideration of the benefits derived by Master Franchisee while operating as a member of the Hertz System, to pay to International the Initial Fee (if any) and the Monthly Fees set out in the Schedule hereto. . . .

(Id. at Exh. G, ¶¶ A(i),(ii), B(i), G, J, L, P and Schedule annexed thereto).  In essence, under these terms, the Agreement permits Hertz to maintain strict control over the operation of Alisa Car Rentals.

Indeed, it is worth noting that the terms of the Agreement here are almost identical to those in Dickson.  As such, the Court finds that the degree of control that Hertz is authorized to exert or has exerted over Alisa Car Rentals under the Agreement is directly relevant to Plaintiffs' negligence claims.  Such legal claims against Hertz are premised on vicarious liability – that since Hertz "owned, maintained, and/or controlled the vehicle operated by Defendant Edmonds," it is independently liable.

Stated differently, Plaintiffs claim that Defendant Hertz negligently allowed Edmonds to operate the car.  As in Dickson, because the franchise Agreement here required Alisa Car Rentals, the franchisee, to adhere to Hertz uniform guidelines, Hertz could potentially be liable on a negligence theory.  Thus, accepting Plaintiffs' allegations as true, this Court is satisfied that the state court could find that Plaintiffs' complaints state a cause of action against Hertz for negligence under state law.  Therefore, this Court is satisfied that joinder was proper, thereby divesting this Court of subject matter jurisdiction under section 1332 of the United States Code.  See Boyer, 913 F.2d at 111-12; Batoff, 977 F.2d at 851-52.

In opposition to remand, Defendants rely on Gil v. Related Management Co., 2006 WL 2358574 (D.N.J. Aug. 14, 2006), for the proposition that nonresident defendants are fraudulently

10

joined when there is no possibility that a cause of action exists against them.  In <u>Gil</u>, the plaintiff, a New Jersey citizen,  filed suit in State Court, against Related Management Company, his former employer and two former supervisors, both citizens of New Jersey, alleging wrongful termination. The plaintiff asserted claims for breach of contract and breach of the covenant of good faith and fair dealing claiming that the company's employment manual created a contract of employment.  <u>Gil</u>, 2006 WL 2358574 at *1.  The company removed the case despite the fact that the plaintiff and the two individual defendants were citizens of New Jersey.  The plaintiff then moved to remand.  The analysis turned on whether the nondiverse defendants were fraudulently joined.

In finding that the individual defendants were fraudulently joined, District Judge Walls held that the employment manual did not create a contractual relationship between the plaintiff and the individual defendants because they were not parties to the alleged contract.  Because no contractual relationship existed between them, Judge Walls concluded that the plaintiff's contract claims against them failed as a matter of law.  <u>Id.</u> at 3-4.

This Court finds that Defendants' reliance on the <u>Gil</u> case is misplaced.  In <u>Gil</u>, the employment contract was between the plaintiff on one hand, and the company on the other.  There was no theory upon which a breach of contract claim could lie against the individuals.  Here, in contrast, the defendant driver rented his car from a Hertz franchise.  In light of the franchise agreement that grants Hertz strict control over the franchisee, there is a plausible basis for a negligence claim against Hertz.

## III.    CONCLUSION

In sum, having considered the parties' submissions, having good cause, and for the reasons expressed above, this Court respectfully recommends that the two consolidated actions be remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction, and that Defendants

GDOTS and Edmonds' motion to dismiss for forum non conveniens (Dkt. Entry No. 14) be

dismissed as moot.  The parties have ten (10) days from receipt hereof to file and serve objections.

_s/Madeline Cox Arleo_
MADELINE COX ARLEO
United States Magistrate Judge

Dated: October 2, 2008

cc:    Hon. Susan D. Wigenton, U.S.D.J.
       Clerk of the Court
       File